IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                              4:22-CR-00115-01-BRW

MICHAEL WHITE

**ORDER**

Defendant's Motion to Dismiss Indictment (Doc. No. 20) is DENIED.

Defendant was indicted in this case on April 5, 2022, and a sealed arrest warrant was issued.[1] Defendant asserts that the indictment should be dismissed because he did not appear before a United States magistrate judge until May 12, 2023,[2] an alleged violation of Federal Rule of Criminal Procedure 5(a), which requires an initial appearance without "unnecessary delay."

Defendant's motion overlooks a few relevant points:

1. Following the execution of four state-issued search warrants on May 4, 2022, Defendant was arrested. He was arraigned on state-court charges related to the arrest the next day in Pulaski County District Court and remained in state custody on a $250,000 bond.[3] His case "bound over" to Pulaski County Circuit Court, where he remains held on the same bond.[4] The state charges remain pending.[5] Notably, a writ was issued to the Pulaski County Jail so that the United States Marshal could transport Defendant to federal court to be arraigned in this case.[6]

---

[1] Doc. No. 5.

[2] Doc. Nos. 21, 9.

[3] *State v. Michael Dewayne White*, No. LRCR-22-1652 (Pulaski County Dist. Court).

[4] *State v. White*, 60 CR 22-2005 (Pulaski County Cir. Court). See also *United States v. White*, No. 4:06-CR-00013-BSM (E.D. Ark.), Doc. Nos. 59-5, 59-7.

[5] See *State v. White*, 60 CR 22-2005 (Pulaski County Cir. Court).

[6] Doc. No. 7.

2. "Rule 5(a) applies only to persons arrested and held under federal law."[7] Although a sealed federal arrest warrant was active at the time of Defendant's arrest, the search warrants were issued by the state court and their execution resulted in Defendant being charged in state court. As mentioned in the immediately preceding paragraph, Defendant was not and is not held under federal law; rather, he was and is in state custody.

3. Even if there had been a violation, "dismissal of an indictment is not a proper remedy for a Rule 5(a) violation."[8]

4. "The purpose of [Rule 5(a)] is to frustrate law-enforcing officers from detaining the arrested person for an unnecessary period of time to enable the officer to extract a confession from the arrested individual." Though Defendant signed a "suspect statement form" taking "responsibility for the drugs" and guns found during the execution of the search warrants, that statement was signed the day of his arrest.[9]

5. Defendant made this same argument before Judge Brian Miller in a revocation proceeding. Judge Miller denied the motion and sentenced Defendant to 60 months in prison.[10]

6. Defendant has not and cannot show prejudice. In fact, the word does not even appear in his brief in support of dismissal.[11]

IT IS SO ORDERED this 13th day of December, 2023.

                                                    Billy Roy Wilson  
                                                    UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Cooke*, 853 F.3d 464, 470 (8th Cir. 2017) (quoting *United States v. Elliott*, 435 F.2d 1013, 1015 (8th Cir. 1970)) (cleaned up).

[8] *United States v. Jones*, 70 F.4th 1109, 1111 (8th Cir. 2023).

[9] *United States v. White*, No. 4:06-CR-00013-BSM (E.D. Ark.), Doc. Nos. 59-4.

[10] *Id.* at Doc. Nos. 64, 67.

[11] *United States v. Chavez*, 705 F.3d 381, 385 (8th Cir. 2013) ("This court—among others—has held that a Rule 5(a) violation will not affect a conviction absent a showing of prejudice.").